**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED AIR LINES, INC., | Civil Action No. |
| Plaintiff, | |
| v. | |
| AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, et al., | |
| Defendants. | |

**PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY IN SUPPORT
OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff United Air Lines, Inc. ("United" or the "Company") moves this Court for entry of an Order Granting Expedited Discovery with the terms set forth in the proposed order attached hereto, and in support of its motion states the following:

1.      In this action, United seeks declaratory and injunctive relief against the Air Line Pilots Association, International ("ALPA"), which represents pilots at United through the United Air Lines Master Executive Council ("MEC"); members of the MEC's Industrial Relations Committee ("IRC") Steven Tamkin ("Tamkin"), Robert Domaleski ("Domaleski"), Xavier Fernandez ("Fernandez"), officers and members at United; and individual United pilot Anthony Freeman ("Freeman") (collectively, "Defendants") for violation of Section 2, First of the Railway Labor Act, 45 U.S.C. §§ 151 et seq. (the "RLA").  In this motion, United seeks an order allowing expedited discovery as to Defendants to obtain evidence of their complicity in a recent "sick out" among United pilots so that such evidence may be presented at a hearing on United's motion for preliminary injunction.

2.      United incorporates by reference the allegations set forth in the Complaint, Motion for Preliminary Injunction, Memorandum in Support of its Motion for Preliminary Injunction, Declarations, Exhibits and Expert Report filed herewith.

3.      United's request for expedited discovery is based on a considerable amount of circumstantial evidence that the Defendants have been involved in the orchestration of a concerted "sick out" among United pilots in violation of the RLA, including by use of non-public means of communication.

4.      Expedited discovery in support of United's Motion for Preliminary Injunction is appropriate to allow the Court to have a more complete record of the Defendants' involvement in concerted activities for review in these proceedings, which are expedited by their very nature.

5.      United's request for expedited discovery is narrowly targeted to obtain evidence for the preliminary injunction hearing, and can easily be provided by the Defendants within a few days.

6.      Given the steps Freeman has taken to keep his communications and website out of the public eye, and the IRC's reputation as the "secretive wing" of ALPA, United has grounds to be concerned that all relevant materials that have heretofore been held in "secret" remain available for discovery, and therefore requests an order from this Court enforcing the obligations of defendants Tamkin, Domaleski, Fernandez, and Freeman to maintain such materials.

WHEREFORE, United requests that the Court issue an order, in the form attached hereto, granting United's Motion for Expedited Discovery in Support of its Motion for Preliminary Injunction.

DATED:  July 30, 2008.

Respectfully submitted,


By:  s/Gary S. Kaplan
    TOM A. JERMAN
    APARNA B. JOSHI
    MARK W. ROBERTSON
    O'MELVENY & MYERS LLP
    1625 Eye Street, N.W.
    Washington, D.C. 20006
    (202) 383-5300
    e-mail:  tjerman@omm.com

    GARY S. KAPLAN
    SEYFARTH SHAW LLP
    131 South Dearborn Street
    Suite 2400
    Chicago, IL 60603-5577
    (312) 460-5000
    e-mail:  gkaplan@seyfarth.com

    Attorneys for Plaintiff
    United Air Lines, Inc.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED AIR LINES, INC.,<br><br>           Plaintiff,<br><br>   v.<br><br>AIR LINE PILOTS ASSOCIATION,<br>INTERNATIONAL, et al.,<br><br>         Defendants. | Civil Action No.<br><br><br>**REQUEST FOR PRODUCTION OF**<br>**DOCUMENTS** |

TO DEFENDANT AIR LINE PILOTS ASSOCIATION, INTERNATIONAL AND ITS

ATTORNEYS OF RECORD:

Plaintiff United Air Lines, Inc. ("United"), pursuant to Rule 34, Federal Rules of Civil

Procedure, hereby requests that you produce for inspection and copying, within 72 hours of a

Court order instructing you to do so, the documents described below.

I.    **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are to be considered applicable with respect to

each request for production of documents contained herein:

1.    These requests for production of documents are continuing in nature, up to and

during the course of trial.  Responsive documents that you obtain or discover after your initial

response and production must be produced promptly by supplemental production.

2.    <u>Document</u>.  As used herein, "document" shall be understood to apply to any kind

of written, typewritten, printed, recorded material, or other retrievable data (whether recorded,

taped or coded electrostatically, electromagnetically or otherwise) whatsoever, including, but not

limited to, notes, memoranda, letters, reports, telegrams, publications, contracts, recordings, transcriptions of recordings, websites, electronic mail, electronic text messages, diaries, facsimiles, and business records and shall include, without limitation, originals, duplicates, all file copies, all other copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips and similar materials.

3. <u>Communication</u>. As used herein, "Communication[s]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail ("e-mail"), or electronic text message. Each request that asks for documents relating in any way to communications to, from or within an organization or business entity is hereby designated to refer to, and should be construed to include, all communications by and between representatives, employees, agents or servants of the organization or business entity.

4. <u>Possession, Custody or Control</u>. Each request contained herein extends to any documents in the possession, custody or control of defendant. A document is deemed to be in defendant's possession, custody or control, if it is in defendant's physical custody, or if it is in the physical custody of any other person and defendant (a) owns such document in whole or in part; (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) has an understanding, express or implied, that defendant may use, inspect, examine or copy such document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when defendant has sought to do so. Such documents shall include, without limitation, documents that are in the custody of defendant's attorney(s) or other agents.

5.    <u>You or Your</u>.  As used herein, the terms "you" or "your" shall be deemed to include Defendant Air Line Pilots Association, International and its attorney(s) or other agents, representative or other persons or entities acting or purporting to act for, on behalf of, or with them.

6.    <u>United Air Lines</u>.  As used herein, the term "United" and "United Air Lines" shall be deemed to include United Air Lines, Inc., its parent, UAL Corporation, its subsidiaries, divisions and affiliated corporations, past and present, and their directors, officers, shareholders, agents, attorneys, insurers, and employees, past and present.

7.    <u>Defendants</u>.  As used herein, the term "Defendants" includes all parties named as defendants in the caption of the Complaint in this action.

8.    <u>Complaint</u>.  As used herein, the term "Complaint" refers to the complaint filed by United Air Lines against the Air Line Pilots Association, et al., in the United States District Court for the Northern District of Illinois on July 30, 2008.

9.    Documents should be produced as they are kept in the usual course of business or organized or labeled to correspond with the categories in the request, and should include a copy of the file folder in which they originated.  Documents stored as electronic media should be produced on CD-Rom or other format agreed-upon by the parties, clearly labeled as the software product used to organize and manipulate the underlying data.

10.    Whenever used herein, the singular shall include the plural and vice versa.

11.    Whenever used herein, "and" may be understood to mean "or" and vice versa whenever such construction results in a broader request for information.

12.    With respect to each document to which a claim of privilege is asserted, separately state the following:

(a)     The type of document;

(b)     Its date;

(c)     The name, business address and present position of its originator(s) or author(s);

(d)     The position of its originator(s) or author(s) at the time the document was prepared;

(e)     The name, business address and present position of each recipient of the document;

(f)     The position of each recipient at the time the document was prepared, and the time it was received;

(g)     A general description of the subject matter of the document;

(h)     The basis of any claim of privilege; and

(i)     If work-product immunity is asserted, the proceeding for which the document was prepared.

13.     Each paragraph and subparagraph herein should be construed independently and not by reference to any other paragraph or subparagraph of this document request.

## II.     **REQUESTS**

REQUEST NO. 1

Any and all documents, including messages, articles, letters, updates, notices or similar materials posted on any website maintained or used by ALPA or the Industrial Relations Committee ("IRC") to which United pilots have password-protected access that reference "sick," "illness," "leverage," "fatigue," "pressure," or similar terms (e.g., "sickness," "sickout," "fatigued") since June 1, 2008, including copies of any such materials that were posted on the website, but have since been removed, and whether or not hosted on that website.

REQUEST NO. 2

Any and all communications, including, but not limited to, voice messages, text messages, code-a-phone messages or e-mails, sent between ALPA or the IRC and United pilots that reference "sick," "illness," "leverage," "fatigue," "pressure," or similar terms (e.g., "sickness," "sickout," "fatigued") since June 1, 2008.

REQUEST NO. 3

Any and all communications, including, but not limited to, electronic communications, between ALPA, including ALPA officers or committee members, and individual defendant Anthony Freeman ("Freeman"), since June 1, 2008, that include the words "sick," "illness," "leverage," "fatigue," "pressure," or similar terms (e.g., "sickness," "sickout," "fatigued").

REQUEST NO. 4

Any and all documents, including, but not limited to, correspondence, records, plans or notes since June 1, 2008 in ALPA's possession that address or relate to job actions planned or contemplated by members of the 2172 (the group of United pilots furloughed after September 11, 2001).

REQUEST NO. 5

Any and all documents or communications, including, but not limited to, correspondence, records, plans or notes that relate to meetings between Freeman and members of ALPA's IRC since June 1, 2008.

DATED:  July 30, 2008.                    Respectfully submitted,


By:    s/Gary S. Kaplan                              
           TOM A. JERMAN
           MARK W. ROBERTSON
           APARNA B. JOSHI
           O'MELVENY & MYERS LLP

1625 Eye St., N.W.
Washington, D.C. 20006
(202) 383-5300
e-mail:  tjerman@omm.com

GARY S. KAPLAN
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603-5577
(312) 460-5000
e-mail:  gkaplan@seyfarth.com

Attorneys for Plaintiff
United Air Lines, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED AIR LINES, INC.,

          Plaintiff,

    v.

AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL, et al.,

          Defendants.

Civil Action No.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

TO DEFENDANTS STEVEN TAMKIN, ROBERT DOMALESKI, AND XAVIER FERNANDEZ, AND THEIR ATTORNEYS OF RECORD:

Plaintiff United Air Lines, Inc. ("United"), pursuant to Rule 34, Federal Rules of Civil Procedure, hereby requests that each of the above-named defendants -- Steven Tamkin, Robert Domaleski, and Xavier Fernandez -- produce for inspection and copying, within 72 hours of a Court order instructing them to do so, the documents described below. This request for production of documents is directed at each of the above-named defendants individually.

I.    **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are to be considered applicable with respect to each request for production of documents contained herein:

1.    These requests for production of documents are continuing in nature, up to and during the course of trial. Responsive documents that you obtain or discover after your initial response and production must be produced promptly by supplemental production.

2.     <u>Document</u>.  As used herein, "document" shall be understood to apply to any kind of written, typewritten, printed, recorded material, or other retrievable data (whether recorded, taped or coded electrostatically, electromagnetically or otherwise) whatsoever, including, but not limited to, notes, memoranda, letters, reports, telegrams, publications, contracts, recordings, transcriptions of recordings, websites, electronic mail, electronic text messages, diaries, facsimiles, and business records and shall include, without limitation, originals, duplicates, all file copies, all other copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips and similar materials.

3.     <u>Communication</u>.  As used herein, "Communication[s]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail ("e-mail"), or electronic text message.  Each request that asks for documents relating in any way to communications to, from or within an organization or business entity is hereby designated to refer to, and should be construed to include, all communications by and between representatives, employees, agents or servants of the organization or business entity.

4.     <u>Possession, Custody or Control</u>.  Each request contained herein extends to any documents in the possession, custody or control of defendant.  A document is deemed to be in defendant's possession, custody or control, if it is in defendant's physical custody, or if it is in the physical custody of any other person and defendant (a) owns such document in whole or in part; (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) has an understanding, express or implied, that defendant may use, inspect, examine or copy such document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when defendant has sought to do so.  Such

documents shall include, without limitation, documents that are in the custody of defendant's attorney(s) or other agents.

5.     <u>You or Your</u>.  As used herein, the terms "you" or "your" shall be deemed to include, as applicable to each individual defendants, Defendant Steven Tamkin, Defendant Robert Domaleski, or Defendant Xavier Fernandez, each of their attorney(s) or other agents, representative or other persons or entities acting or purporting to act for, on behalf of, or with him.

6.     <u>United Air Lines</u>.  As used herein, the term "United" and "United Air Lines" shall be deemed to include United Air Lines, Inc., its parent, UAL Corporation, its subsidiaries, divisions and affiliated corporations, past and present, and their directors, officers, shareholders, agents, attorneys, insurers, and employees, past and present.

7.     <u>Defendants</u>.  As used herein, the term "Defendants" includes all parties named as defendants in the caption of the Complaint in this action.

8.     <u>Complaint</u>.  As used herein, the term "Complaint" refers to the complaint filed by United Air Lines against the Air Line Pilots Association, et al., in the United States District Court for the Northern District of Illinois on July 30, 2008.

9.     Documents should be produced as they are kept in the usual course of business or organized or labeled to correspond with the categories in the request, and should include a copy of the file folder in which they originated.  Documents stored as electronic media should be produced on CD-Rom or other format agreed-upon by the parties, clearly labeled as the software product used to organize and manipulate the underlying data.

10.     Whenever used herein, the singular shall include the plural and vice versa.

11.    Whenever used herein, "and" may be understood to mean "or" and vice versa whenever such construction results in a broader request for information.

12.    With respect to each document to which a claim of privilege is asserted, separately state the following:

        (a)    The type of document;

        (b)    Its date;

        (c)    The name, business address and present position of its originator(s) or author(s);

        (d)    The position of its originator(s) or author(s) at the time the document was prepared;

        (e)    The name, business address and present position of each recipient of the document;

        (f)    The position of each recipient at the time the document was prepared, and the time it was received;

        (g)    A general description of the subject matter of the document;

        (h)    The basis of any claim of privilege; and

        (i)    If work-product immunity is asserted, the proceeding for which the document was prepared.

13.    Each paragraph and subparagraph herein should be construed independently and not by reference to any other paragraph or subparagraph of this document request.

II.    **REQUESTS**

REQUEST NO. 1

Any and all documents which refer or relate to any plan, request or other action by the Air Line Pilots Association, International, the Industrial Relations Committee ("IRC"), the other individually named Defendants, or any pilots employed by United, to instigate, authorize, encourage, participate in, approve or continue any strike, work stoppage, sick-out, slowdown, work to rule campaign, refusal to accept junior/senior manning, refusal to perform normal flight operations, or any other form of interference with United's normal airline operations since June 1, 2008.

REQUEST NO. 2

Any and all documents, including messages, articles, letters, updates, notices, voice messages, text messages, code-a-phone messages, e-mails or similar materials sent to United pilots from any of the Defendants that reference "sick," "illness," "leverage," "fatigue," "pressure," or "junior/senior manning" or similar terms since June 1, 2008.

REQUEST NO. 3

Any and all documents or communications, including, but not limited to, correspondence, records, plans or notes, that relate to meetings between (a) defendants Tamkin, Domaleski and/or Fernandez and (b) Anthony Freeman, since June 1, 2008.


DATED:  July 30, 2008.                    Respectfully submitted,


                                          By: ____s/Gary S. Kaplan_____
                                              TOM A. JERMAN
                                              MARK W. ROBERTSON
                                              APARNA B. JOSHI
                                              O'MELVENY & MYERS LLP

1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300

GARY S. KAPLAN
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603-5577
(312) 460-5000

Attorneys for Plaintiff
United Air Lines, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED AIR LINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, et al., <br><br> Defendants. | Civil Action No. <br><br> **REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO DEFENDANT ANTHONY FREEMAN, AND HIS ATTORNEYS OF RECORD:

Plaintiff United Air Lines, Inc. ("United"), pursuant to Rule 34, Federal Rules of Civil Procedure, hereby requests that you produce for inspection and copying, within 72 hours of a Court order instructing you to do so, the documents described below.

I.      **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are to be considered applicable with respect to each request for production of documents contained herein:

1.      These requests for production of documents are continuing in nature, up to and during the course of trial.  Responsive documents that you obtain or discover after your initial response and production must be produced promptly by supplemental production.

2.      <u>Document</u>.  As used herein, "document[s]" shall be understood to apply to any kind of written, typewritten, printed, recorded material, or other retrievable data (whether recorded, taped or coded electrostatically, electromagnetically or otherwise) whatsoever, including, but not limited to, notes, memoranda, letters, reports, telegrams, publications,

contracts, recordings, transcriptions of recordings, websites, electronic mail, electronic text messages, diaries, facsimiles, and business records and shall include, without limitation, originals, duplicates, all file copies, all other copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips and similar materials.

3.    <u>Communication</u>.  As used herein, "Communication[s]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail ("e-mail"), or electronic text message.  Each request that asks for documents relating in any way to communications to, from or within an organization or business entity is hereby designated to refer to, and should be construed to include, all communications by and between representatives, employees, agents or servants of the organization or business entity.

4.    <u>Possession, Custody or Control</u>.  Each request contained herein extends to any documents in the possession, custody or control of defendant.  A document is deemed to be in defendant's possession, custody or control, if it is in defendant's physical custody, or if it is in the physical custody of any other person and defendant (a) owns such document in whole or in part; (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) has an understanding, express or implied, that defendant may use, inspect, examine or copy such document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when defendant has sought to do so.  Such documents shall include, without limitation, documents that are in the custody of defendant's attorney(s) or other agents.

5.    <u>You or Your</u>.  As used herein, the terms "you" or "your" shall be deemed to include Defendant Anthony Freeman and Freeman's attorney(s) or other agents, representative or other persons or entities acting or purporting to act for, on behalf of, or with him.

6.    <u>United Air Lines</u>.  As used herein, the term "United" and "United Air Lines" shall be deemed to include United Air Lines, Inc., its parent, UAL Corporation, its subsidiaries, divisions and affiliated corporations, past and present, and their directors, officers, shareholders, agents, attorneys, insurers, and employees, past and present.

7.    <u>Defendants</u>.  As used herein, the term "Defendants" includes all parties named as defendants in the caption of the Complaint in this action.

8.    <u>Complaint</u>.  As used herein, the term "Complaint" refers to the complaint filed by United Air Lines against the Air Line Pilots Association, et al., in the United States District Court for the Northern District of Illinois on July 30, 2008.

9.    Documents should be produced as they are kept in the usual course of business or organized or labeled to correspond with the categories in the request, and should include a copy of the file folder in which they originated.  Documents stored as electronic media should be produced on CD-Rom or other format agreed-upon by the parties, clearly labeled as the software product used to organize and manipulate the underlying data.

10.    Whenever used herein, the singular shall include the plural and vice versa.

11.    Whenever used herein, "and" may be understood to mean "or" and vice versa whenever such construction results in a broader request for information.

12.    With respect to each document to which a claim of privilege is asserted, separately state the following:

(a)    The type of document;

(b)     Its date;

(c)     The name, business address and present position of its originator(s) or author(s);

(d)     The position of its originator(s) or author(s) at the time the document was prepared;

(e)     The name, business address and present position of each recipient of the document;

(f)     The position of each recipient at the time the document was prepared, and the time it was received;

(g)     A general description of the subject matter of the document;

(h)     The basis of any claim of privilege; and

(i)     If work-product immunity is asserted, the proceeding for which the document was prepared.

13.     Each paragraph and subparagraph herein should be construed independently and not by reference to any other paragraph or subparagraph of this document request.

## II.     **<u>REQUESTS</u>**

<u>REQUEST NO. 1</u>

Any and all documents, including, but not limited to, messages, articles, letters, updates, notices or similar materials, that were posted on the ual2172.com website since June 1, 2008, but have since been removed from that website, whether or not hosted on the ual2172.com website.

<u>REQUEST NO. 2</u>

Any and all communications, including, but not limited to, electronic communications, between you and other United pilots since June 1, 2008, including ALPA officers or committee

members, that include the words "sick," "illness," "leverage," "fatigue," "pressure," or similar terms (e.g., "sickness," "sickout," "fatigued").

REQUEST NO. 3

Any and all documents, including, but not limited to, correspondence, records, plans or notes in your possession that describe or relate to actions planned or contemplated by members of the 2172 (the group of United pilots furloughed after September 11, 2001) since June 1, 2008.

REQUEST NO. 4

Any and all documents or communications, including, but not limited to, correspondence, records, plans or notes that relate to meetings between you and members of ALPA's Industrial Relations Committee since June 1, 2008.

DATED: July 30, 2008.                    Respectfully submitted,

                              By:    s/Gary S. Kaplan
                                     TOM A. JERMAN
                                     MARK W. ROBERTSON
                                     APARNA B. JOSHI
                                     O'MELVENY & MYERS LLP
                                     1625 Eye St., N.W.
                                     Washington, D.C. 20006
                                     (202) 383-5300
                                     e-mail: tjerman@omm.com

                                     GARY S. KAPLAN
                                     SEYFARTH SHAW LLP
                                     131 South Dearborn Street
                                     Suite 2400
                                     Chicago, IL 60603-5577
                                     (312) 460-5000
                                     e-mail: gkaplan@seyfarth.com

                                     Attorneys for Plaintiff
                                     United Air Lines, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED AIR LINES, INC., | Civil Action No. |
| Plaintiff, | |
| v. | **REQUEST FOR PRODUCTION OF TANGIBLE THINGS** |
| AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, et al., | |
| Defendants. | |

TO DEFENDANT ANTHONY FREEMAN, AND HIS ATTORNEYS OF RECORD:

Plaintiff United Air Lines, Inc. ("United"), pursuant to Rule 34, Federal Rules of Civil Procedure, hereby requests that you produce for inspection and testing, within 72 hours of a court order requiring you to do so, at the offices of Seyfarth Shaw, 131 South Dearborn Street, Suite 2400, Chicago, IL 60603-5577, or at such other time and location as counsel for the parties may agree, the following:

I.      **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are to be considered applicable with respect to each request contained herein:

1.      These requests for production of tangible things are continuing in nature, up to and during the course of trial. Responsive things that you obtain or discover after your initial response and production must be produced promptly by supplemental production.

2.      <u>Possession, Custody or Control</u>. Each request contained herein extends to any things in the possession, custody or control of defendant. A thing is deemed to be in defendant's

1

possession, custody or control, if it is in defendant's physical custody, or if it is in the physical custody of any other person and defendant (a) owns such thing in whole or in part; (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such thing on any terms; (c) has an understanding, express or implied, that defendant may use, inspect, examine or copy such thing on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy such thing when defendant has sought to do so.  Such things shall include, without limitation, things that are in the custody of defendant's attorney(s) or other agents.

3.      <u>You or Your</u>.  As used herein, the terms "you" or "your" shall be deemed to include Defendant Anthony Freeman and Freeman's attorney(s) or other agents, representative or other persons or entities acting or purporting to act for, on behalf of, or with him.

4.      <u>United Air Lines</u>.  As used herein, the term "United" and "United Air Lines" shall be deemed to include United Air Lines, Inc., its parent, UAL Corporation, its subsidiaries, divisions and affiliated corporations, past and present, and their directors, officers, shareholders, agents, attorneys, insurers, and employees, past and present.

5.      <u>Defendants</u>.  As used herein, the term "Defendants" includes all parties named as defendants in the caption of the Complaint in this action.

6.      <u>Complaint</u>.  As used herein, the term "Complaint" refers to the complaint filed by United Air Lines against the Air Line Pilots Association, et al., in the United States District Court for the Northern District of Illinois on July 30, 2008.

7.      <u>Things</u>.  As used herein, the term "Thing[s]" refers, without limitation, to computer system(s), media (including but not limited to hard drives, thumb drives, floppy disks, cartridges, CD-ROMs, Zip-disks or any other computer data storage devices), should be produced as they are kept in the usual course of business or organized or labeled to correspond

2

with the categories in the request. Things stored as electronic media should be produced in a format agreed-upon by the parties, clearly labeled as the software product used to organize and manipulate the underlying data.

8.    Whenever used herein, the singular shall include the plural and vice versa.

9.    Whenever used herein, "and" may be understood to mean "or" and vice versa whenever such construction results in a broader request for information.

10.    With respect to each thing to which a claim of privilege is asserted, separately state the following:

(a)    The type of thing;

(b)    Its date;

(c)    The name, business address and present position of its originator(s), owner(s), or author(s);

(d)    The position of its originator(s), owner(s), or author(s);

(e)    The name, business address and present position of each recipient of the thing;

(f)    The position of each recipient at the time the thing was received, and the time it was received;

(g)    A general description of the subject matter of the thing;

(h)    The basis of any claim of privilege; and

(i)    If work-product immunity is asserted, the proceeding for which the thing was prepared.

11.    Each paragraph and subparagraph herein should be construed independently and not by reference to any other paragraph or subparagraph of this request.

II.    **REQUESTS**

REQUEST NO. 1

The computer system(s) you have used to administer, manage, or post materials to, the website www.ual2172.com.

REQUEST NO. 2

Any media (including but not limited to hard drives, thumb drives, floppy disks, cartridges, CD-ROMs, Zip-disks or any other computer data storage devices) upon which any materials related to the website www.ual2172.com were typed, saved, stored, or written, at any time by you or at your direction, even if the data was subsequently deleted, damaged, lost, or erased.

DATED:  July 30, 2008.                Respectfully submitted,


By:    s/Gary S. Kaplan
       TOM A. JERMAN
       MARK W. ROBERTSON
       APARNA B. JOSHI
       O'MELVENY & MYERS LLP
       1625 Eye St., N.W.
       Washington, D.C. 20006
       (202) 383-5300
       e-mail:  tjerman@omm.com

       GARY S. KAPLAN
       SEYFARTH SHAW LLP
       131 South Dearborn Street
       Suite 2400
       Chicago, IL 60603-5577
       (312) 460-5000
       e-mail:  gkaplan@seyfarth.com

       Attorneys for Plaintiff
       United Air Lines, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED AIR LINES, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AIR LINE PILOTS ASSOCIATION,<br>INTERNATIONAL, et al.,<br><br>　　　　　Defendants. | Civil Action No. |

**[PROPOSED] EXPEDITED DISCOVERY AND PROTECTIVE ORDER**

1.　　This case is before the Court on Plaintiff United Air Line, Inc's ("United's" or the "Company's") Emergency Motion for Expedited Discovery in Support of Its Motion for Preliminary Injunction.　United seeks expedited discovery from defendants Air Line Pilots Association, International ("ALPA"), which represents pilots at United through the United Air Lines Master Executive Council ("MEC"); members of the MEC's Industrial Relations Committee ("IRC") Steven Tamkin ("Tamkin"), Robert Domaleski ("Domaleski"), Xavier Fernandez ("Fernandez"), officers and members at United; and individual United pilot Anthony Freeman ("Freeman") (collectively, "Defendants"), in connection with United's Motion for Preliminary Injunction.

2.　　It appears that expedited discovery of the Defendants is appropriate given the expedited nature of the preliminary injunction proceedings.　The Court also finds that the discovery sought is narrowly targeted to obtain evidence for the preliminary injunction hearing, and can easily be provided by the Defendants in a few days time.

3.      It also appears that there is good cause for issuance of a protective order requiring defendants Tamkin, Domaleski, Fernandez, and Freeman to preserve all relevant evidence in their possession, custody, or control for the duration of this litigation.

THEREFORE, based upon the Complaint for Declaratory and Injunctive Relief, Motion for Preliminary Injunction, and Emergency Motion for Expedited Discovery, and upon the arguments of counsel, and for the reasons stated on the record as findings of facts and conclusions of law,

(a)      IT IS ORDERED that the defendant Freeman provide United's counsel with access to the full unaltered contents of the www.ual2172.com website within 24 hours of the entry of this Order; and

(b)      IT IS FURTHER ORDERED that the Defendants shall respond to the discovery requests attached as Exhibit A to Plaintiff's Memorandum in Support of Motion for Expedited Discovery within 72 hours of the entry of this Order; and

(c)      IT IS FURTHER ORDERED that United may take the deposition of defendants Tamkin, Domaleski, Fernandez, and Freeman prior to the preliminary injunction hearing upon at least three calendar days' notice; and

(d)      IT IS FURTHER ORDERED that defendants Tamkin, Domaleski, Fernandez, and Freeman must preserve all relevant evidence in their possession, custody, or control for the duration of this litigation.  They are restrained from destroying, hiding, concealing, and/or spoiling any documents, data, electronically stored information, or other material that is relevant to this litigation.

SO ORDERED this _____ day of _____, 2008.


_____
United States District Judge

ISSUED at _____ o'clock _____ day of _____, 2008.