IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| UNITED AIR LINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, et al., <br><br> Defendants. | Civil Action No. |

**PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED SCHEDULING
OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff United Air Lines, Inc. ("United") moves this Court for an order (1) setting an expedited schedule on Plaintiff's Motion for Preliminary Injunction under the Railway Labor Act, 45 U.S.C. § 151 et seq. (the "RLA") against the Air Line Pilots Association, International ("ALPA"), three members of ALPA's Industrial Relations Committee ("IRC") and an individual United pilot that United believes has worked with the IRC to plan a sick-out among United pilots (collectively, "Defendants"); (2) establishing a briefing schedule consistent with the expedited hearing; and (3) establishing procedural rules to govern that hearing. Specifically, United requests that ALPA be required to file any Memorandum of Law in Opposition to United's Motion for Preliminary Injunction by August 5, 2008, and that an evidentiary hearing (which is required by the Norris-LaGuardia Act, 29 U.S.C. § 101, *et seq*.) be set for August 8, 2008, or as close thereto as the Court's schedule permits. In support of this motion, United states as follows:

1. United filed with the Court on July 30 2008, a Complaint for Declaratory and Injunctive Relief under the RLA, a Preliminary Injunction Motion and a Memorandum of Law in Support Thereof, and various Declarations and an Expert Report in Support of that Motion. In its Preliminary Injunction Motion, United seeks a Preliminary Injunction prohibiting Defendants from engaging in a campaign designed, among other things, to exert economic pressure on United by disrupting United's operations for the purpose of forcing United to renegotiate a collective bargaining agreement that would otherwise remain in effect until December 31, 2009. This campaign has intensified in recent weeks with a sharp increase in sick leave among United's junior pilots, resulting in hundreds of flight cancellations at United which affected tens of thousands of United customers during the last two weeks of July 2008.

2. Case law under Section 2, First of the RLA involving virtually identical job actions clearly establishes that ALPA's campaign is unlawful, and should be enjoined by this Court. *See United Air Lines, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers,* 243 F.3d 349, 362 (7th Cir. 2001), *cert. denied,* 534 U.S. 889 (2001) (reversing as an abuse of discretion the district court's failure to issue preliminary injunction against similar campaign by United's mechanics in 2000); *Delta Air Lines, Inc. v. Air Line Pilots Ass'n*, 238 F.3d 1300, 1309, fn. 9 (11th Cir. 2001), *cert. denied* 532 U.S. 1019 (2001) (reversing as an abuse of discretion the district court's failure to issue a preliminary injunction against ALPA based on a campaign by Delta's pilots to refuse overtime flying).

3. United has also filed with the court an Emergency Motion for Expedited Discovery and Memorandum of Law in Support Thereof in which it seeks expedited discovery against ALPA and individual defendants Steven Tamkin, Robert Domaleski, Xavier Fernandez and Anthony Freeman for the purpose of documenting a plan by those individuals, as agents of ALPA, to organize a sick-out among United pilots during July 2008. Under the schedule

proposed by United, that discovery, if permitted, should be completed on or about August 4, 2008.

4.     The urgency of United's Preliminary Injunction Motion arises out of substantial and continuing harm to United and the public due to ALPA's job action, including the cancellation of 329 flights affecting some 36,000 United customers, during the last two weeks of July 2008. Moreover, many of Defendants' recent communications with United pilots, which focus on "creating leverage" during "the summer," imply that ALPA's campaign will continue, and perhaps accelerate, in August 2008, unless an injunction is issued.

5.     At this point in time, United believes that setting the Preliminary Injunction Motion for an expedited hearing is preferable to pursuing a temporary restraining order ("TRO") against Defendants because (a) a TRO would be limited by the Norris-LaGuardia Act, 29 U.S.C. § 101, et seq. ("NLGA") to five days duration, and thus it would be necessary either to extend the TRO or hold a preliminary injunction hearing within the time frame proposed by United in any event; (b) ALPA has taken the position in prior cases that the NLGA requires an evidentiary hearing before issuance of a TRO, and although United does not agree with ALPA's position it would be highly inefficient to hold two evidentiary hearings[1]; (c) United believes that the Court and the parties would be better served by a decision based on a full evidentiary and legal record, including briefing by ALPA and expedited discovery; and (d) United believes that it will be able

---

[1]     Section 6 of the NLGA by its terms requires an evidentiary hearing before issuance of any "temporary or permanent injunction." In context, United submits, the reference to "temporary . . . injunction" means a preliminary injunction, and not a TRO because the latter, by definition, is an ex parte proceeding. *See Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 238 F.3d 1300, 1305-06 (11th Cir. 2001) ("The NLGA also prescribes procedural rules for civil proceedings in which an employer seeks an injunction or TRO against its employees. For an injunction, live testimony with opportunity for cross-examination is normally required after proper notice; for a TRO, though, sworn affidavits may suffice if the complainant would suffer 'substantial and irreparable injury' without the TRO.") *See also Celotex Corp. v. Oil, Chemical & Atomic Workers Int'l Union*, 516 F.2d 242, 247 (3d Cir. 1975) ("we consider not the provisions of §7 dealing with injunctions…but the provisions dealing with temporary restraining orders.") *Id.* at 247.

3

to avoid or minimize any flight cancellations during the first week of August as United has greater capacity to reassign flying and use reserve pilots at the beginning of a month than at the middle or end of a month because of pilot monthly flight time restrictions. (Obviously, in the event it becomes necessary to seek a TRO to maintain the reliability of its operations, United must reserve the right to do so.)

      6.      United believes that the following schedule would accommodate the rights of all parties given the necessarily expedited nature of these proceedings.

      a.      Any Memorandum of Law in Opposition to United's Motion for Preliminary Injunction and supporting Declarations shall be filed by Defendants and served on United to ensure receipt no later than 5 p.m. three (3) business days prior to hearing (i.e., on August 5, 2008, if the hearing is scheduled on August 8, 2008);

      b.      Any Reply Memorandum shall be filed by United and served on Defendants to ensure receipt no later than noon one (1) business day prior to the hearing (i.e., on August 7, 2008, if the hearing is scheduled on August 8, 2008);

      c.      Each party shall file with the Court and serve on the other parties, to ensure receipt no later than 5 p.m. three (3) business days prior to the hearing, a list of all witnesses that the party intends to call at the hearing and a list of all exhibits that the party intends to introduce, other than witnesses or exhibits used solely for purposes of impeachment and rebuttal, and other than witnesses or exhibits identified in discovery following such deadline; and

    d.    All declarations filed and served at least three (3) business days prior to the hearing may, at the party's option, be used at the hearing as that witness's direct testimony subject to substantive objections and subject to cross-examination at the hearing.

WHEREFORE, United requests that the Court grant its motion to set a hearing on August 8, 2008, or as close thereto as the Court's schedule permits, and issue a scheduling order in the form filed herewith.

DATED: July 30, 2008.

                                         Respectfully submitted,

                                         By:    s/Gary S. Kaplan_____
                                               TOM A. JERMAN
                                               APARNA B. JOSHI
                                               MARK W. ROBERTSON
                                               O'MELVENY & MYERS LLP
                                               1625 Eye Street, N.W.
                                               Washington, D.C. 20006
                                               (202) 383-5300
                                               e-mail:  tjerman@omm.com

                                               GARY S. KAPLAN
                                               SEYFARTH SHAW LLP
                                               131 South Dearborn Street
                                               Suite 2400
                                               Chicago, IL 60603-5577
                                               (312) 460-5000
                                               e-mail:  gkaplan@seyfarth.com

                                               Attorneys for Plaintiff
                                               United Air Lines, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED AIR LINES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION,<br>INTERNATIONAL, et al.,<br><br>Defendants. | Civil Action No. |

**[PROPOSED] ORDER ESTABLISHING SCHEDULE FOR PRELIMINARY INJUNCTION HEARING**

1. This case is before the Court on Plaintiff United Air Lines, Inc.'s ("United's" or the "Company's") Emergency Motion for Expedited Scheduling of its Motion for Preliminary Injunction. United seeks an expedited schedule for hearing its Motion for Preliminary Injunction as to defendants Air Line Pilots Association, International ("ALPA"), which represents pilots at United through the United Air Lines Master Executive Council ("MEC"); members of the MEC's Industrial Relations Committee ("IRC") Steven Tamkin ("Tamkin"), Robert Domaleski ("Domaleski"), Xavier Fernandez ("Fernandez"), officers and members at United; and individual United pilot Anthony Freeman ("Freeman") (collectively, "Defendants").

2. It appears that good cause exists for establishing an expedited schedule for hearing United's Motion for Preliminary Injunction based on all of the information and evidence before this Court.

THEREFORE, based upon the Emergency Motion for Expedited Scheduling of United's Motion for Preliminary Injunction, the other papers filed in this matter, and upon the arguments of counsel,

(a) IT IS ORDERED that the hearing on United's Motion for Preliminary Injunction shall be heard on August 8, 2008;

(b) IT IS FURTHER ORDERED that any Memorandum of Law in Opposition to United's Motion for Preliminary Injunction and supporting Declarations shall be filed by Defendants and served on United to ensure receipt no later than 5 p.m. on August 5, 2008;

(c) IT IS FURTHER ORDERED that any Reply Memorandum shall be filed by United and served on Defendants to ensure receipt no later than noon on August 7, 2008;

(d) IT IS FURTHER ORDERED that each party shall file with the Court and serve on the other parties, to ensure receipt no later than 5 p.m. on August 5, 2008, a list of all witnesses that the party intends to call at the hearing and a list of all exhibits that the party intends to introduce, other than witnesses or exhibits used solely for purposes of impeachment and rebuttal, and other than witnesses or exhibits identified in discovery following such deadline; and

(e) IT IS FURTHER ORDERED that all declarations filed and served by 5 p.m. on August 5, 2008, may, at the party's option, be used at the hearing as that witness's direct testimony subject to substantive objections and subject to cross-examination at the hearing.

SO ORDERED this \_\_\_\_\_ day of _____, 2008.

_____
United States District Judge

ISSUED at _____ o'clock \_\_\_\_\_ day of _____, 2008.