**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED AIR LINES, INC., <br><br>                  Plaintiff, <br><br>        v. <br><br> AIR LINE PILOTS ASSOCIATION, <br> INTERNATIONAL, et al., <br><br>                  Defendants. | Civil Action No. |

**[PROPOSED] PRELIMINARY INJUNCTION**

1.      This case is before the Court on Plaintiff United Air Lines, Inc.'s ("United's" or the "Company's") Motion for Preliminary Injunction enjoining the Air Line Pilots Association, International ("ALPA"), which represents pilots at United through the United Air Lines Master Executive Council ("MEC"); members of the MEC's Industrial Relations Committee ("IRC") Steven Tamkin ("Tamkin"), Robert Domaleski ("Domaleski"), Xavier Fernandez ("Fernandez"), officers and members at United; and an individual United pilot, Anthony Freeman ("Freeman") (collectively, "Defendants"), and all persons acting in concert therewith, from calling, permitting, instigating, authorizing, encouraging, participating in, approving or continuing any form of interference with United's airline operations, including but not limited to any strike, work stoppage, sick-out, slowdown, work to rule campaign, concerted refusal to accept voluntary or overtime flight assignments, or other concerted refusal to perform normal pilot operations in violation of the Railway Labor Act, 45 U.S.C. § 151, *et seq*. (the "RLA").

2.      United is a "common carrier by air" engaged in the transportation of freight and passengers in intrastate and interstate commerce throughout the United States. ALPA is a labor

organization that is the exclusive bargaining representative of United's pilots.  Captains Tamkin, Domaleski and Fernandez are United pilots and the Chairman and members, respectively, of the IRC; and Mr. Freeman is a United pilot responsible for maintaining a website designed to organize activities to disrupt United's operations.

3.      Based upon the Complaint for Declaratory and Injunctive Relief, Motion for Preliminary Injunction, Memorandum in Support of Motion for Preliminary Injunction, Declarations, Exhibits and Expert Report filed therewith, and the testimony and exhibits at hearing, it appears to the Court that a Preliminary Injunction should issue because United is likely to succeed on the merits of its claims that Defendants are violating the RLA, and because immediate, substantial and irreparable damage, injury or loss will result to United before a hearing on its request for a permanent injunction can be had.  Unless this Court enters a Preliminary Injunction restraining Defendants from the actions described below, United will suffer immediate and irreparable damage in the form of increased costs for measures designed to avoid flight delays and cancellations, loss of revenue and associated costs caused by flight delays and cancellations, and damage to its business reputation and customer goodwill, none of which may be recoverable from Defendants and much of which can never be recovered.  It further appears that unless such activity is restrained, the travel plans of large numbers of United's customers will be disrupted, and the public will be deprived of essential transportation services, causing serious and substantial damage to the public interest.

4.      It further appears to the Court that if the Preliminary Injunction is issued, the injury, if any, to Defendants herein, if final Judgment be granted in their favor, will be inconsequential when compared with the loss and hardship which United and the public will

suffer if the Order is not issued and, furthermore, that any such injury suffered by Defendants will be adequately indemnified by bond.

THEREFORE, upon the arguments of counsel and for the reasons stated on the record as findings of facts and conclusions of law,

IT IS ORDERED that the Defendants, and each of them, their members, agents and employees, and all persons and organizations acting by, in concert with, through or under them, or by and through their orders, are hereby enjoined, pending a hearing on the permanent injunction in this matter, from calling, permitting, instigating, authorizing, encouraging, participating in, approving or continuing any interference with United's airline operations, including but not limited to any strike, work stoppage, sick-out, slowdown, work to rule campaign, concerted refusal to accept voluntary or overtime flying, or other concerted refusal to perform normal pilot operations in violation of the RLA, 45 U.S.C. §§ 151 *et seq*.

IT IS FURTHER ORDERED that the Defendants shall take all reasonable steps within their power to prevent the aforesaid actions, and to refrain from continuing the aforesaid actions if commenced, including but not limited to the following:

(a)     Instructing all ALPA-represented pilots employed by United to resume their normal working schedule and practices, and providing Plaintiff a copy of all such instructions;

(b)     Notifying all ALPA-represented pilots employed by United, by the most expeditious means possible, of the issuance, contents and meaning of this Preliminary Injunction, and producing a copy of all such messages to Plaintiff;

(c)     Including in such notice a directive from ALPA to those pilots who are engaging in a slowdown, sick-out, work to rule campaign, refusal to accept voluntary or

overtime flying, or other concerted refusal to conduct pilot operations in the normal manner to cease and desist all such activity and to cease and desist all exhortations or communications encouraging same upon pain of fine, suspension, or other sanction by ALPA;

(d)    Posting the notice described above to ALPA's Internet websites and the ual2172.com website, and providing a copy of the notices to the Plaintiff;

(e)    Including the contents of such notice on all recorded telephone hotlines under control of Defendants, or any of them, until such time as the Court has acted on Plaintiff's Motion for a Permanent Injunction, and providing a copy of all messages to the Plaintiff; and

(f)    Distributing the contents of such notice through all non-public communication systems maintained by Defendants, including any telephone trees, pilot-to-pilot communication systems or similar systems, and providing a copy of the notice to the Plaintiff.

IT IS FURTHER ORDERED that the Defendants are prohibited from including in such notices (or distributing contemporaneously with such notices) any statements that are intended, or could reasonably be interpreted to mean, that pilots should continue to engage in the previously-described conduct notwithstanding the Preliminary Injunction, including:

(a) any assertion that the Preliminary Injunction does not prohibit individual pilots from making voluntary decisions to engage in such actions; and

(b) any explanation of circumstances in which it would be appropriate or necessary for pilots to decline to waive a contractual requirement that the pilot may waive, decline a request to

undertake a voluntary flight assignment, refuse a flight assignment or refuse to fly an aircraft that meets legal requirements for flight.

IT IS FURTHER ORDERED that Defendants report to the Court by 5 p.m. on August __, 2008, by sworn affidavit, the methods used to effect the notice described above to all ALPA-represented pilots, and furnish to the Court copies of all notices required to be furnished to the Plaintiff by Defendants under this Order.

This Preliminary Injunction is issued on the condition that a bond be filed by Plaintiff herein on or before August __, 2008, in the sum of $_____, and that Defendants shall recover from the Plaintiff under said bond all costs and damages, if any, suffered by them in the event that Plaintiff does not succeed in this action.

SO ORDERED this _____ day of August, 2008.


_____
                    United States District Judge

ISSUED at _____ o'clock _____ day of August, 2008.