IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED AIR LINES, INC.,<br><br>Plaintiff,<br><br>- v. -<br><br>AIR LINE PILOTS ASSOCIATION,<br>INTERNATIONAL, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 08 CV 4317

Judge Lefkow
Magistrate Judge Denlow

## CONSENT PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and it appearing that all parties consent to the entry of this Consent Protective Order ("Consent Order"), IT IS HEREBY ORDERED as follows:

A.    Definitions

As used herein, the following words shall have the following meanings:

1.    "Documents" shall have the meaning accorded to it under Rule 34 of the Federal Rules of Civil Procedure.

2.    "Furnish" means the production of documents or the furnishing of information in the above-captioned case ("this Case"), whether pursuant to request, interrogatory or process, and whether in accordance with the Federal Rules of Civil Procedure or court order, such that another party is provided custody.

3.    "Disclose" means, without limitation, to divulge, reveal, describe, transmit or otherwise communicate, in whole or in part.

1

CHI 11544213.2

4.    "Person" means an individual, corporation, partnership, association, unincorporated organization, or any other entity, including, without limitation, each party in the Case.

5.    "Party" or "parties" means (a) current or former officers or employees of United Air Lines, Inc. ("United") involved in the preparation, prosecution or defense of this Case, (b) current or former officers, members or employees of the Air Line Pilots Association, International ("ALPA"), or of the United Master Executive Council ("MEC") of ALPA, or current or former members of the MEC or any committee thereof, involved in the preparation, prosecution or defense of this Case, and (c) each of the individually named defendants in the Case.

6.    "Designate" means to identify Discovery Material as "Confidential Discovery Material," or "Restricted Confidential Discovery Material" pursuant to Section B of this Consent Order.

7.    "Discovery Material" means all documents and other information -- including without limitation any deposition or other testimony, or documents or information received in this Case, which is responsive to a discovery request in this Case -- furnished by any Person in connection with this Case and any information derived therefrom.

B.    Procedure for Designating Material as Confidential or Restricted Confidential

1.    Any party hereto may designate as "Confidential" or "Restricted Confidential" any Discovery Material, or portion thereof, which such party, in good faith, believes would, if made public, result in the disclosure of confidential information as defined in

2

Paragraphs 3 or 4 and such information would be confidential within the meaning of Federal Rule of Civil Procedure 26(c).

2.  All parties hereto agree to be circumspect in making such designations. In this regard, all parties hereto agree not to designate any Discovery Material "Confidential" unless or "Restricted Confidential" unless that party believes in good faith it is necessary to do so.

3.  Any party may designate Discovery Material as "Confidential" if it contains any of the following personal information regarding a non-party to this action:  social security numbers, employee number, birthdates, home addresses, personal e-mail addresses and/or personal telephone numbers; individual compensation; personal health or medical information. Any document identified as Confidential may be treated as a non-Confidential document if (a) all of the personal information has been redacted; or (b) if the personal information is relevant, the individual's name and other identifying information has been redacted.

4.  Any party may designate Discovery Material as "Restricted Confidential" if contains  confidential, internal decision-making materials concerning employment practices or collective bargaining strategies or proposals that would not otherwise be subject to disclosure to the other party; provided, however, that no documents or information may be designated as Restricted Confidential by any party if it contains information concerning conduct or strategies that United has alleged in this lawsuit to constitute a violation of Section 2, First of the Railway Labor Act.

5.  The parties, by written agreement signed by counsel, may expand the definition of Confidential or Restricted Confidential Discovery Materials to include other

3

mutually agreeable categories of Discovery Material, and this order shall be deemed to apply to such Discovery Materials without further order of the court.

6.      Discovery Material designated as "Confidential" and the information contained therein, including without limitation any notes quoting or summarizing such materials shall constitute "Confidential Discovery Material" subject to this Consent Order. Discovery Material designated as "Restricted Confidential" and the information contained therein, including without limitation any notes quoting or summarizing such materials shall constitute "Restricted Confidential Discovery Material" subject to this Consent Order.

7.      If a person furnishing a document or response to a discovery request wishes to declare such document, response, or portion thereof, to be "Confidential," or "Restricted Confidential," respectively, that person shall identify such document, response, or portion thereof, in writing to be "Confidential" or "Restricted Confidential" or shall cause to be stamped or otherwise marked in writing on the document or response that it is "Confidential," or "Restricted Confidential" respectively.

8.      A non-party which agrees to be bound by the terms of this Consent Order and furnishes Discovery Material in this Case may designate such Discovery Material as "Confidential" or "Restricted Confidential." If a non-party furnishing Discovery Material has not designated such Discovery Material in accordance with this Section of this Consent Order, a party may, within five (5) business days after such Discovery Material is first made available to the party, so designate some or all of such Discovery Material as "Confidential," or "Restricted Confidential," as the case may be, to the extent that such Discovery Material was created for or originated with such party, and was treated at all time as confidential by such party, by sending

4

CHI 11544213.2

written notice to the undersigned counsel identifying, by production or document number, if available, that portion of such Discovery Material designated as "Confidential," or "Restricted Confidential," as the case may be, by such party. Upon receipt of such notice, each party, or its counsel receiving such notice, shall cause to be stamped or otherwise marked in writing on each copy of every document so designated within the possession, custody or control of such party or its counsel or other advisors or agents that it is "Confidential," or "Restricted Confidential," as the case may be. Discovery Material produced by Persons not parties to the above-referenced proceedings shall be treated as "Restricted Confidential" until five (5) business days after it is made available to the designating party. However, a party may seek expedited determination from the parties to this Consent Order or, if necessary, by the Court, of the designation of any such Discovery Material as "Confidential" or "Restricted Confidential."

9.    Information disclosed at a deposition may be designated as "Confidential" or "Restricted Confidential" by the disclosing party by either (i) identifying, on the record at the deposition, the portions of the testimony that are "Confidential" or "Restricted Confidential," as the case may be, or (ii) notifying all parties or counsel who attended such deposition in writing within five (5) business days of the date of the receipt of the transcript of such deposition as to those pages and lines of the transcript of such deposition that are "Confidential" or "Restricted Confidential," as the case may be. The entire transcript of such deposition shall be treated as "Restricted Confidential" until five (5) business days after receipt of such transcript. A party may seek expedited determination from the parties to this Consent Order or, if necessary, by the Court, of the designation, if any, of any portions of the transcript as "Confidential" or "Restricted Confidential."

5

10.     The parties agree that any Discovery Material furnished by the parties in this Case prior to the date this Consent Order is signed by the Court shall be treated as "Restricted Confidential Discovery Material" until three (3) business days after the date this Order is signed by the Court; ; provided, however, that any party may disclose such materials to potential witnesses in preparation for hearing if the documents, on their face, do not contain material that Counsel believes in good faith would provide a basis for designating the material as Confidential or Restricted Confidential.. Any party shall have until three (3) business days after this Consent Order is signed to send written notice to the undersigned counsel identifying, by production or document number, if available, that portion of such Discovery Material designated as "Confidential" or "Restricted Confidential," as the case may be, by such party . Upon receipt of such notice, each party, or its counsel receiving such notice, shall cause to be stamped or otherwise marked in writing on each copy of every document so designated within the possession, custody or control of such party or its counsel or other advisors or agents that it is "Confidential" or "Restricted Confidential," as the case may be. Thereafter any Discovery Material not designated as "Confidential" or "Restricted Confidential" shall not be restricted in its use or disclosure.

C.     Qualified Persons With Access to Confidential Information

The designation of Discovery Material as "Confidential" shall mean that such shall not be disclosed to anyone except the following:

1.     the federal court presiding over this Case and any appellate court, as well as respective personnel of such courts (subject to the procedure provided in Section E, Paragraph

6

9 of this Consent Order), including stenographic reporters engaged in such proceedings as are necessarily incident to any court proceedings;

      2.     the parties;

      3.     counsel for any party (including in-house counsel employed by the party), and any paraprofessional and clerical support personnel of such counsel;

      4.     consultants or experts retained or used by counsel for the parties or by the parties for the prosecution or defense of this Case, provided that:

          (a)     as a condition to receipt of Confidential Discovery Material, such consultants or experts execute the Confidentiality Agreement attached as Exhibit A hereto; and

          (b)     Confidential Discovery Material shall be furnished to consultants, as provided for in this Consent Order, only to the extent counsel in good faith determines it necessary for the prosecution or defense of this Case.

      5.     Any person whose testimony may or will be given at a deposition in this Case or the trial in this Case (and his or her or its counsel, if any), but subject to that person and his/her/its counsel executing the Confidentiality Agreement, attached as Exhibit A hereto.

    D.    Qualified Persons with Access to Restricted Confidential Information

      6.     The designation of Discovery Material as "Restricted Confidential" shall mean that such be disclosed only to those listed in paragraphs C3 and C4 above.

7

E.     Restrictions on the Use and Disclosure of Confidential
       Information and Restricted Confidential Information

1.     This Consent Order shall be applicable to and govern all Discovery

Material designated "Confidential" and "Restricted Confidential." Any person, other than the

producing party, who shall obtain access to any "Confidential" and "Restricted Confidential"

Discovery Material shall use such Discovery Material only in connection with the prosecution or

defense of this Case and for no other purpose whatsoever.

2.     Confidential Discovery Material and Restricted Confidential Discovery

Material shall not be disclosed or made available to persons other than those listed as Qualified

Persons in Section C or Section D, respectively, except upon written consent of the party that

furnished that information or by order of this Court; provided, however, that this Consent Order

shall not prevent any party from disclosing its own Confidential Discovery Material or Restricted

Confidential Discovery Material as it deems appropriate. Confidential Discovery Material and

Restricted Confidential Discovery Material may also be disclosed or made available without

limitations to the party that produced or designated such material.

3.     Notwithstanding any other provision of this Consent Order, a person is not

required to treat any material as Confidential Discovery Material or Restricted Confidential

Discovery Material even though so designated under this Consent Order if (a) the information is

not confidential, was already in the person's possession prior to production, and was obtained by

lawful means; (b) the information was or is in the public domain; or (c) the information becomes

available to the person on a bona fide non-confidential basis from a source other than the

disclosing party and not through a violation of the restrictions embodied in this Consent Order.

8

4.     Any counsel proposing to disclose "Confidential" or "Restricted Confidential" Discovery Material to any person not a Qualified Person listed in Sections C or D of this Consent Order, shall provide at least ten (10) business days notice to counsel for the producing party of the identity of such material, the identity of such person, and the good faith reasons for the proposed disclosure. Counsel for the producing party shall have five (5) business days after receipt of notice to raise a good faith objection to such disclosure and to provide the proposing counsel with the good faith reasons for the objection. If no objection is received by proposing counsel within such five (5) business day period, the person identified may be shown any identified material of the producing party to whom notice has been given without further order of the Court. The failure of counsel for the producing party to object to the use of the material in connection with a particular Person shall not constitute a waiver with respect to other Persons.

5.     All persons to whom Discovery Material is disclosed or made available shall be subject to this Consent Order and shall take necessary precautions to prevent any disclosure of "Confidential Discovery Material" or "Restricted Confidential Discovery Material" or use of such information other than as authorized by this Consent Order. Counsel subject to this Consent Order shall take steps reasonably necessary to advise any Person to whom "Confidential Discovery Material" or "Restricted Confidential Discovery Material" may be disclosed, or by whom it may be used, of the terms of this Consent Order.

6.     Except as otherwise provided in this Consent Order, prior to disclosing "Confidential Discovery Material" to any person to whom such disclosure may be made, other than the person who or which furnished or designated such material and the persons identified in

9

CH1 11544213.2

Paragraphs 1, 2 and 3 of Section C of this Consent Order, counsel shall obtain such person's express written agreement in the form of the Confidentiality Agreement annexed hereto as Exhibit A (the "Confidentiality Agreement") to be bound by the terms of this Consent Order.

       7.      Except as otherwise provided in this Consent Order, prior to disclosing "Restricted Confidential Discovery Material" to any person to whom such disclosure may be made, other than the person who or which furnished or designated such material and the persons identified in Paragraph 1 and 3 of Section C of this Consent Order (pursuant to Section D), counsel shall obtain such person's express written agreement in the form of the Restricted Confidentiality Agreement annexed hereto as Exhibit B (the "Restricted Confidentiality Agreement") to be bound by the terms of this Consent Order.

       8.      Each executed Confidentiality Agreement and Restricted Confidentiality Agreement shall be retained by counsel for the party who or which made Discovery Material available to the signatory of the Confidentiality Agreement or Restricted Confidentiality Agreement, as the case may be, and shall be furnished or made available to any other party or his or its counsel upon an order of this Court obtained after properly-noticed motion to this Court; provided, however, that nothing in this Consent Order shall preclude a party or his or its counsel from furnishing or making available the executed Confidentiality Agreements and Restricted Confidentiality Agreements that it has retained as it deems appropriate or pursuant to Section D2 above.

       9.      Any written submissions to the Court containing or referring to Restricted Confidential Discovery Material shall be filed under seal, if permitted by the Court and unless otherwise ordered by the Court.

10

F.    Procedures for Resolving Disputes

1.    Any dispute arising hereunder may be submitted to the Court for resolution after properly-noticed motion to this Court.

2.    In any proceeding concerning a challenge or dispute regarding a party's designation of Discovery Material as "Confidential" or "Restricted Confidential," the burden of establishing that Discovery Material is entitled to protection as "Confidential" or "Restricted Confidential" under this Consent Order shall be upon the person claiming such protection. The Court expresses no opinion as to the appropriateness of the designation of any particular document as "Confidential" or "Restricted Confidential" under this Consent Order at this time. Any party may challenge any other Person's designation of Discovery Material as "Confidential" or "Restricted Confidential."

3.    Any objections to disclosing "Confidential" or "Restricted Confidential" material to any person identified pursuant to Section E, Paragraph 4 above not resolved by agreement of counsel shall be presented promptly for resolution to the Court in a joint request by the parties involved. Such request shall be made under seal, if permitted by the Court and unless otherwise ordered by the Court.

G.    No Admission or Waiver

1.    This Consent Order shall not be construed to restrict the right of any person to seek discovery of any of the parties in any other judicial or administrative proceeding, or to restrict any party's objections or defenses to such discovery.

2.    The failure of any person to designate Discovery Material as "Confidential" or "Restricted Confidential" at the time that it was furnished or made available or

11

within any other time provided in this Consent Order for the making or removal or alteration of such designation shall not be deemed a waiver of that person's right to seek to assert its entitlement to make or to remove or to alter such designation at any time thereafter; provided, however, that such designation or alteration shall be without prejudice to the right of any other party to challenge that designation or alteration. Should a party redesignate materials, any previous disclosure of such materials consistent with their prior designation shall not constitute a violation of this Consent Order. Redesignation shall bind only parties having notice in writing of such redesignation.

3.      Nothing in this Consent Order shall preclude any person from asserting, or shall prejudice or be used against any person who or which asserts, the attorney-client privilege, a claim of work-product immunity or any other applicable privilege or immunity as to any Discovery Material including those Discovery Materials that may have been inadvertently produced in response to a request for production of documents or other discovery request.

4.      It is understood and agreed that neither the execution of this Consent Order nor the designation of Discovery Material as "Confidential" or "Restricted Confidential" shall in any way constitute a waiver of the rights of any person to raise or assert any objections heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the production, use, relevance, or admissibility at trial of any evidence, whether or not constituting Discovery Material furnished pursuant to this Consent Order.

5.      As the interests of justice may require, each party retains the right to seek relief from, or modification of, this Consent Order or any provision thereof, including without

12

limitation the imposition of more or less restrictive protections for certain Discovery Material, by properly-noticed motion to this Court.

6.      Nothing herein shall prevent any party from using any "Confidential Discovery Material" or "Restricted Confidential Discovery Material" at any hearing before the Court, or at the trial of the Case.

7.      If any party desires to restrict the use of any material at trial, that party must seek an order from the Court to that effect. No material may be withheld from discovery on the basis that its use should be restricted at trial. Until such time as the Court orders otherwise, such material may be used consistent with the terms of this Consent Order.

H.      Jurisdiction and Return of Documents

1.      Upon final disposition of this Case, by judgment, settlement or otherwise, including any appeals, but subject to further order of the Court, all copies of documents and portions of deposition transcripts containing "Confidential Discovery Material" or "Restricted Confidential Discovery Material" not on file with the Court shall, at the election of the producing party, promptly be either returned to the producing party, with the producing party paying the postage expense, or destroyed and counsel for the receiving party shall provide a certificate attesting to the destruction of the material. However, the parties and their counsel may retain copies of briefs and other legal papers that contain or constitute "Confidential Discovery Material" or "Restricted Confidential Discovery Material" provided that such briefs or other papers are maintained in accordance with the provisions of this Consent Order and any further order of this Court.

13

2.      Upon the final disposition of this Case, by judgment, settlement or

otherwise, including any appeals, the Consent Order shall survive and shall continue in full force

and effect, subject to further order of this Court.

IT IS SO ORDERED.

This  19th  day of August, 2008

_____

United States Magistrate Judge

CONSENTED TO:

_____         _____

Tom A. Jerman                      Stanley Eisenstein
O'MELVENY & MYERS LLP              Judiann Chartier
1625 Eye Street, N.W.              KATZ, FRIEDMAN, EAGLE,
Washington, DC 20006               EISENSTEIN & JOHNSON
                                   77 West Washington Street, Suite 2000
Gary S. Kaplan                     Chicago, Illinois 60602
SEYFARTH SHAW LLP                  (312) 263-6330
131 South Dearborn Street
Suite 2400                         Michael E. Abram
Chicago, Illinois 60603-5577       Joseph J. Vitale
                                   Travis Mastroddi
Attorneys for Plaintiff            COHEN, WEISS AND SIMON LLP
                                   330 West 42nd Street, 25th Floor
                                   New York, New York 10036
                                   (212) 563-4100

                                   Jonathan A. Cohen
                                   Elizabeth Ginsburg
                                   AIR LINE PILOTS ASSOCIATION,
                                   INTERNATIONAL
                                   Legal Department
                                   1625 Massachusetts Avenue, N.W.
                                   Washington, D.C. 20036
                                   (202) 797-4054

                                   Attorneys for Defendants

14

*EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED AIR LINES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 CV 4317 |
| | ) | |
| - v. - | ) | Judge Lefkow |
| | ) | Magistrate Judge Denlow |
| AIR LINE PILOTS ASSOCIATION, | ) | |
| INTERNATIONAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

I, _____, do hereby acknowledge that I have received a copy of the "Consent Protective Order" (the "Consent Order") that was entered in the above-referenced proceedings, with respect to the manner in which Confidential Discovery Material disclosed or made available by any party in the course of the above-referenced proceedings is to be treated by me.

I state that: (i) I have read and understand the Consent Order and I hereby represent, warrant and agree that I will abide by the Consent Order; (ii) I will not use or disclose the information or documents disclosed to me in connection with the above-referenced proceedings other than in connection with the preparation, prosecution or defense of the above-referenced proceedings; and (iii) upon the final resolution of the above referenced proceedings, I will destroy or return all such information and documents to the Person or Persons from whom I have received them.

1

I so swear and agree this _____ day of _____, 2008.

_____

Sworn to and subscribed
before me this _____ day
of _____, 2008.

_____
Notary Public

My commission expires:

_____

2

***EXHIBIT B***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED AIR LINES, INC.,<br><br>        Plaintiff,<br><br>  - v. -<br><br>AIR LINE PILOTS ASSOCIATION,<br>INTERNATIONAL, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 08 CV 4317<br><br>Judge Lefkow<br>Magistrate Judge Denlow |

I, _____, do hereby acknowledge that I have received a copy of the "Consent Protective Order" (the "Consent Order") that was entered in the above-referenced proceedings, with respect to the manner in which Restricted Confidential Discovery Material disclosed or made available by any party in the course of the above-referenced proceedings is to be treated by me.

I state that: (i) I have read and understand the Consent Order and I hereby represent, warrant and agree that I will abide by the Consent Order; (ii) I will not use or disclose the information or documents disclosed to me in connection with the above-referenced proceedings other than in connection with the preparation, prosecution or defense of the above-referenced proceedings; (iii) upon the final resolution of the above referenced proceedings, I will destroy or return all such information and documents to the Person or Persons from whom I have received them.

1

I so swear and agree this _____ day of _____, 2008.

_____

Sworn to and subscribed to before me
this _____ day of _____, 2008.

_____
Notary Public

My commission expires:

_____

2